# United States District Court
## Middle District of Florida
### Orlando Division

ROY THOMAS MOULD, on behalf of
himself & all others similarly situated,

                Plaintiff,

-vs-                                 Case No.  6:06-cv-362-Orl-28DAB

PAINCARE HOLDINGS, INC., RANDY
LUBINSKY, & MARK SZPORKA,


                Defendant.
_____/

STEPHEN HOFMAYER, on behalf of
himself and all others similarly situated,

                Plaintiff,

-vs-                                 Case No.  6:06-cv-363-Orl-28DAB

PAINCARE HOLDINGS, INC.; RANDY
LUBINSKY; and MARK SZPORKA,

                Defendants.
_____/

MILTON PFEIFFER, on behalf of himself
and all others similarly situated,

                Plaintiffs,
v.                               Case No.  6:06-cv-373-Orl-28DAB

PAINCARE HOLDINGS, INC., RANDY
LUBINSKY, MARK SZPORKA,
                Defendants.
_____/

**MICHAEL CHOPYK, on behalf of himself,**
**and all others similarly situated,**

       **Plaintiff,**

**v.**             **Case No.  6:06-cv-374-Orl-31DAB**

**PAINCARE HOLDINGS, INC., RANDY**
**LUBINSKY and MARK SZPORKA,**

       **Defendant.**
_____/

**BENJAMIN ATLURI, on behalf of himself**
**and all others similarly situated,**

       **Plaintiff,**

**v.**             **Case No.  6:06-cv-379-Orl-28DAB**

**PAINCARE HOLDINGS, INC.; RANDY**
**LUBINSKY; and MARK SZPORKA,**

       **Defendants.**
_____/

**MARK J. ZAUSMER, on behalf of himself**
**and all others similarly situated,**

       **Plaintiff,**

**-vs-**           **Case No.  6:06-cv-396-Orl-31DAB**

**PAINCARE HOLDINGS, INC.,**
**RANDY LUBINSKY,**
**MARK SZPORKA,**

       **Defendants.**
_____/

**MARGARET HANSEN, on behalf of herself**
**and all others similarly situated,**

       **Plaintiff,**

**-vs-**           **Case No.  6:06-cv-417-Orl-28DAB**

-2-

**PAINCARE HOLDINGS, INC., RANDY**
**LUBINSKY, and MARK SZPORKA,**

                                    **Defendants.**
_____/

**DONALD G. MARKS, on behalf of himself**
**and all others similarly situated,**

                                    **Plaintiff,**

**vs.**                                          **Case No.  6:06-cv-490-Orl-28DAB**

**PAINCARE HOLDINGS, INC., RANDY**
**LUBINSKY, & MARK SZPORKA,**

                                    **Defendants.**
_____/

**CONRAD L. HOOVER, on behalf of himself**
**& all others similarly situated,**

                                    **Plaintiff,**

**vs.**                                          **Case No.  6:06-cv-512-Orl-28DAB**

**PAINCARE HOLDINGS, INC., RANDY**
**LUBINSKY, & MARK SZPORKA,,**

                                    **Defendant.**
_____/

**SHEPPARD L. MASAREK, on behalf of himself**
**and all others similarly situated,**
                                    **Plaintiff,**

**vs.**                                          **Case No.  6:06-cv-587-Orl-28DAB**

**PAINCARE HOLDINGS, INC.,**
**RANDY LUBINSKY,**
**MARK SZPORKA,**
                                    **Defendants.**
_____/

**JEFFREY A. MILLER, HENRY MILLER,**

**JUDY MILLER AND KAREN MILLER,**
**on behalf of themselves and for a class of**
**similarly situated persons,**

                               **Plaintiffs,**

**vs.**                                         **Case No.  6:06-cv-676-Orl-28DAB**

**PAINCARE HOLDINGS, INC.,**

                               **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motions filed

herein in Case No. 6:06-cv-362:

| MOTION: | MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD AND Liaison COUNSEL (V.I. )(Doc. No. 11) |
|---|---|
| **FILED:** | **May 19, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |
| MOTION: | MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL(Mould Group) (Doc. No. 12) |
| **FILED:** | **May 19, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |

| | |
|---|---|
| **MOTION:** | **AGREED MOTION TO SET INITIAL TIME LIMITS FOR AFFIRMATIVE AND RESPONSIVE PLEADINGS (Doc. No. 17)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL (Chopyk Group) (Doc. No. 21)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 44)** |
| **FILED:** | **June 21, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

And on the following motions filed herein in Case No. 6:06-cv-363:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 10)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 13)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And on the following motions filed herein in Case No. 6:06-cv-373:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 8)** |
| **FILED:** | **May 19, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 11)** |
| **FILED:** | **May 19, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. | |

And on the following motions filed herein in Case No. 6:06-cv-374:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 9)** |
| **FILED:** | **May 19, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 12)** |
| **FILED:** | **May 19, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot. | |

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE LEAD COUNSEL (CHOPYK GROUP) (Doc. No. 13)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE REPLY (Doc. No. 26)** |
| **FILED:** | **June 21, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

And the following motions filed herein in Case No. 6:06-cv-379:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 12)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 15)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And the following motions filed herein in Case No. 6:06-cv-396:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE LEAD COUNSEL (V.I.) (Doc. No. 17)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 20)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And the following motions filed herein in case no. 6:06-cv-417:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 11)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL LIMITS (Doc. No. 14)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And the following motions filed herein in Case No. 6:06-cv-490:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF COUNSEL (V.I.) (Doc. No. 8)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 11)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And the following motions filed herein in Case No. 6:06-cv-512:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF COUNSEL(V.I.) (Doc. No. 13)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 16)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And the following motions filed herein in Case No. 6:06-cv-587:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 9)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 12)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

And the following motions filed herein in Case No. 6:06-cv-676:

| | |
|---|---|
| **MOTION:** | **MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (MILLER GROUP) (Doc. No. 5)** |
| **FILED:** | **May 18, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

| | |
|---|---|
| **MOTION:** | **MOTION TO SET INITIAL TIME LIMITS (Doc. No. 11)** |
| **FILED:** | **May 19, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL (V.I.) (Doc. No. 12)** |
| **FILED:** | **May 22, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

### BACKGROUND

The above actions are related securities class action lawsuits brought on behalf of those who have purchased or otherwise acquired the common stock of Defendant PainCare Holdings, Inc. (herein "the Company") between August 27, 2002 and March 15, 2006.[1]  In addition to the Company, the actions name two corporate officers (Randy Lubinsky, CEO, and Mark Szpoka, CFO) as co-defendants.  All of the actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (herein "the Act") and S.E.C. Rule 10b-5; asserting that Defendants made false and misleading statements or failed to disclose adverse facts, which resulted

---

[1]In Case No. 6:06-cv-490, Plaintiff Marks asserts a class period of February 3, 2003 to March 15, 20006.  The first filed complaint and the published announcement of the filing assert the longer class period.

-10-

in artificially inflated prices for the securities purchased or acquired by Plaintiffs and the alleged class.

Following the filing of the initial action (the "Mould action") and pursuant to the terms of the Private Securities Litigation Reform Act ("PSLRA"), a notice was published informing class members of their right to file a motion for appointment as lead plaintiff.  According to the instant motions, the notice was published on March 20, 2006; thus, the time period for moving to be appointed lead plaintiff expired on May 19, 2006.  The instant motions for appointment of lead plaintiff are brought by several Plaintiffs and a non-Plaintiff movant.[2]  Movant, The Employees' Retirement System of the Government of the Virgin Islands (" the V.I."), is an institutional investor that asserts, without contradiction or opposition by any party or other movant, that it has suffered the largest loss due to the alleged misconduct.  The only remaining challenger, the Mould Group, opposes the selection of the V.I., due to V.I.'s alleged financial difficulties.

For the reasons set forth herein, it is **respectfully recommended** that the motions to consolidate, appoint lead plaintiff and approve the selection of lead counsel be **granted, in part.** Specifically, it is **recommended** that the cases be consolidated, with all filings to occur in the

---

[2]The following have moved for appointment as lead plaintiff: (1) the PRZ Investor Group, consisting of Margaret Hansen, Danielle Wagner, Robert Smialek, and Phillip Carmack; (2) the Mould Group, consisting of Roy Mould, Tina Rosen, Richard Goldberg, Neal Merkley, and Michael Greco; (3) the Chopyk Group, consisting of Dr. Michael Chopyk, Vera Chopyk, Larissa Chopyk, Daniel Chopyk, Simon Kim, Steven McDowell, Sander Hale, and Michael Friedrich;  (4) the Miller Group, consisting of Jeffrey Miller, Henry Miller, Judy Miller, and Karen Miller, and (5) non-party movant, the Employees' Retirement System of the Government of the Virgin Islands.  On June 7, 2003, the PRZ Investor Group withdrew their motion for appointment as lead plaintiff (Case No. 6:06-cv-362-28DAB - Doc. No. 36), and on June 15, 2006, the Miller Group submitted a Response supporting the Virgin Island's motion, leaving the Mould Group, the Chopyk Group, and the Virgin Islands as remaining movants for lead plaintiff status. The Chopyk Group, while not formally withdrawing its motion, has filed a Response acknowledging that the Virgin Islands has the largest financial interest, and requests that the Court consider its motion should the Virgin Islands not be appointed.

lowest numbered case; that movant V.I. be appointed Lead Plaintiff, but that the determination of lead counsel be **deferred,** pending additional filings.

## ISSUES AND ANALYSIS

### Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*See also Local Rule* 1.04(b).

Consolidation is often appropriate in securities actions based on the same public statements and reports, if there are common questions of law and fact and the defendants will not be prejudiced. *Vincelli v. National Home Health Care Corp.,* 112 F. Supp.2d 1309, 1313 (M.D. Fla. 2000); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D. N.J. 1998) ("[C]onsolidation is common in federal securities class action cases" and noting that  PSLRA "directs that cases should be consolidated where, as here, there is "more than one action on behalf of a class asserting substantially the same claim or claims." See 15 U.S.C. § 78u-4(a)(3)(B)(ii)."). Here, all of the above actions name the same Defendants and assert substantially the same claims and issues. No party has objected to the consolidation, and the Court finds granting consolidation to be efficient and appropriate. Accordingly, the related cases should be consolidated with the lowest numbered case, herein "the Lead Case", which should be re-captioned as "*In re PainCare Holdings Securities Litigation",* Case No. 6:06-cv-362-28DAB. Should this recommendation be adopted, all parties should file only in the Lead Case.

### *Appointment of Lead Plaintiff*

The PSLRA provides that "[a]s soon as practicable after [a decision on consolidation] is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions . . ." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The "most adequate plaintiff" is the one the court determines to be "most capable of adequately representing the interests of the class members . . ." *Id.* at § 78u-4(a)(3)(B)(I).

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally*, *Vincelli*, 112 F. Supp.2d at 1314.  With respect to Rule 23 requirements, a proposed Lead Plaintiff must establish that its claims are typical of the class, and that it would be an adequate representative.[3]

As noted, V.I. is the only institutional investor presently seeking appointment as Lead Plaintiff.  According to the Certification filed (Doc. No. 16-3 in Lead Case), this movant asserts that it is willing to serve as representative of the class.  The V.I. certifies that it purchased 180,700 shares of the Company's common stock during the relevant period and estimates its losses at $326,118.00. *Id.*  It asserts, without contradiction, that it believes it has suffered the largest financial

---

[3]Rule 23(a) provides: One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

loss of any of the other named interested plaintiffs or movants.  Such a showing is normally sufficient to establish that the V.I. would serve as an appropriate representative of the purported class, as apparently conceded by the Miller Group, the Chopyk Group and the PRZ Group.  In its papers, however, the Mould Group asserts that V.I. is an inadequate plaintiff and cannot adequately represent the class because "the Virgin Islands is on the brink of collapse." (Doc. No. 34 - Lead case).  The Mould Group questions whether the V.I. will be "distracted" by its "disabling financial concerns," and thus suggests that the Court: 1) allow discovery in order to determine the most adequate lead Plaintiff, and 2) appoint Mould as a "Co-Lead Plaintiff."  The Court does not endorse either suggestion.

Leave was granted to allow the V.I. to reply to this newly raised allegation of financial disqualification, and the V.I. has submitted a response and additional Declaration (Doc. No. 42 and 43 - Lead Case).  The record indicates that movant is a defined benefit retirement plan for employees of the Government of the Virgin Islands, with approximately $1.4 billion in assets, and $2.2 billion in liabilities (Doc. No. 43).  Although this hardly represents a picture of robust health, V.I. notes that these are long-term liabilities, and that the V.I. has met its obligations towards beneficiaries, paying $91 million (approximately six percent of its assets) in benefits for the year ending May 2005. *Id.*  Further, to the extent it is under-funded, the V.I. notes that it is not unlike many other public pension funds.[4] Indeed, contends V.I., if relevant at all, V.I.'s financial status gives it added incentive to vigorously prosecute this case in order to attain a maximum recovery.

In view of the materials submitted by V.I., the Court sees no need for discovery into the adequacy of the Lead Plaintiff contenders.  It is clearly established that V.I. has by far the greatest

---

[4]The Court notes that the problem of under-funded pension plans is not unique to the public sector.

financial interest in this litigation, and is therefore the presumptive Lead Plaintiff under PSLRA. *See Newman v. Eagle Building Technologies*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The most important factor in determining the lead plaintiff is the amount of financial interest claimed") (citations omitted).  As for the Rule 23 requirements, in selecting a lead plaintiff, the Court limits its inquiry to the typicality and adequacy prongs of Rule 23(a), and  examination of the remaining requirements is deferred until the lead plaintiff moves for class certification. *See Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. 1997) (court found that a "wide-ranging analysis under Rule 23 is not appropriate" at the lead plaintiff stage, and that the "inquiry . . . focuses on the qualities of the class representatives enumerated in 23(a)(3) and 23(a)(4), that is, typicality and adequacy"); *Piven v. Sykes Enterprises, Inc.*, 137 F.Supp.2d 1295, 1306 (M.D. Fla. 2000) (same).  In this Circuit, "[t]he determination of fair and adequate representation rests on two bases: common interests between representative and the class and a willingness and ability to vigorously prosecute the action." *See Fischler*, 1997 WL 118429, at *3 (citation omitted).  Here, V.I. has established that its claims are typical of those of the class, and it has certified that it is willing and able to vigorously prosecute this action, and has obtained competent counsel to do so.  *See Vincelli*, 112 F.Supp.2d at 1314-1315.  Further, V.I. is a public institutional investor, which comports with the PSLRA's expressed preference for such lead plaintiffs.  As expressed in the legislative history:

> The Conference Committee believes, however, that with pension funds accounting for $4.5 trillion [FN omitted] or nearly half of the institutional assets, in many cases the beneficiaries of pension funds-small investors-ultimately have the greatest stake in the outcome of the lawsuit. Cumulatively, these small investors represent a single large investor interest. Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H. R. Rep. No.104-369 at 34 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733.

With respect to the objections of the Mould Group, there is no requirement in the PSLRA or Rule 23 that the Lead Plaintiff be financially robust; except perhaps for an implied requirement that the representative adequately finance the prosecution of the case.  There is no showing here that V.I. is not able to do so, or that the Mould Group is better able to do so.  Given that V.I. is the only institutional investor, has clearly suffered the greatest financial loss of the competing movants, and has convinced this Court that it is not in danger of imminent collapse, the concerns of the Mould Group about the V.I.'s long-term financial health are more smoke than substance and are not sufficient to rebut the presumption that V.I. is the most adequate plaintiff.  It is **recommended** that The Employees' Retirement System of the Government of the Virgin Islands be appointed Lead Plaintiff in the consolidated case.

### Approval of Selection of Counsel

The final issue for consideration in the motions is the approval of Plaintiff's choice for lead counsel.  The Movant seeks approval of its retainer of the law firm of Barrack, Rodos & Bacine (herein "the Barrack firm") and the firm of Williams, Schifino, Mangione & Steady, P.A. (herein "the Williams firm") as Liaison Counsel.  In support of its motion, the V.I. has filed the impressive resume of the Barrack firm (Doc. No. 16 - Exhibit C).  The V.I. has filed no resume or other paper evidencing the qualifications of proposed liaison counsel; nor is there any filing explaining the need for such counsel.  While the Court does not doubt the quality of the proposed counsel,  at this point in time, the record does not warrant approval of multiple law firms to represent the class, nor is the record complete enough to guide the Court in evaluating the liaison counsel proffered.

The decision to approve counsel selected by the Lead Plaintiff is a matter within the Court's discretion and is by no means automatic. *See In re Milestone Scientific Sec. Litig.* 187 F.R.D. 165, 176 (D. N.J. 1999) (declining to appoint multiple firms as co-counsel, noting that the judgment of

a lead plaintiff is not dispositive).  Moreover, while some courts have approved the selection of

multiple law firms, others have refused to do so, noting the danger of lawyers seizing control of the

litigation, contrary to Congress's intent, the inherent inefficiencies of too many cooks in the

kitchen, and the potential for undue pressure on the lead plaintiff.  *See, e.g. Vincelli,* 112 F. Supp.

2d at 1315-16 (rejecting the litigation by committee approach); *Roth v. Knight Trading Group,* 228

F. Supp.2d 524,531 (D. N.J. 2002) (rejecting co-lead counsel proposal, noting "there need be only

one cook for this broth"); *In re Nice Systems Securities Litigation,* 188 F.R.D. 206 (D. N.J. 1999)

(rejecting "liaison" counsel).  This Court agrees with the observation that "the number of lead

counsel should not be so large as to hamper the unity of direction that is needed." *See Balkan v.

Upjohn Co.,* 159 F.R.D. 473, 491 (W.D. Mich. 1994) (quoting Manual for Complex Litigation 2nd

§ 20.22 at 16).

     Here, no explanation is offered as to why Lead Plaintiff requires two law firms to prosecute

this action.  The Court notes initially that the Movant provided a biography of only one of the firms,

and the proposed counsel have not set forth their staffing plan for prosecuting this action.  It appears

from the biography and the brief that the Barrack firm is well versed in the vagaries of securities

litigation, having been appointed lead counsel in "dozens" of securities class actions, including two

of the largest securities class action recoveries to date.[5]  Indeed, the brief quotes Judge Cote's

glowing description of the quality of representation the firm provided in the *WorldCom* case[6] as

evidence of the superior qualifications and skill of the Barrack firm.  This would normally lead to

a conclusion that the class would be well-represented by this firm.  Yet the Movant also seeks

---

[5]*In re World Com, Inc. Securities Litigation* (S.D. N.Y.) and *In re Cendant Corp. Securities Litigation* (D.N.J.).

[6]The Court sees no need to repeat Judge Cote's comments herein, save to note that the firm is justifiably proud of its representation in that matter.

additional counsel via association with the Williams firm; thus, suggesting, perhaps, that the Barrack firm deems itself somehow inadequate to the task.  In seeking approval of the Williams firm, Movant does not state why this additional firm is needed, nor does the motion identify what role this Firm will play if approved as co-counsel.  No explanation is offered as to what duties will be performed by either firm, nor why such duties could not be performed by the many attorneys of the Barrack firm.

It may be that the addition of the Williams firm is solely to be in compliance with the Local Rule requiring the association of local counsel for those admitted pro hac vice, and the role of such counsel is contemplated to be somewhat ministerial, in nature.[7]  The brief, however,  is silent as to the role of liaison counsel, and the Court hesitates to presume this limited role, absent a clear indication from the parties.

"Approval of lead counsel necessarily requires an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class." *Vincelli,* 112 F. Supp.2d at 1315 (internal citations omitted). As the Court has no way of knowing from the sparse record before it if two firms are needed to represent the class, no such appointment should be made at this point.

The V.I. is **ordered** to file additional submissions which address the general staffing plan for the litigation and the suitability of  proposed counsel to the task at hand.  To the extent approval of multiple firms is requested, Movant shall make a showing as to the need for additional counsel,

_____

[7]In saying so, the Court does not mean to downplay the importance of local counsel in federal litigation.  Under the local rule, local counsel are "counsel" in every sense of the word, and are themselves responsible (and accountable) for the progress of the case.  Indeed, in this district, local counsel are often called upon to perform a variety of essential lawyering tasks, from attending hearings scheduled upon short notice to conducting trial in the event the non-resident attorney defaults.  It is the Court's experience that local counsel have proven to be an invaluable resource, both to out of town lawyers and to the Court.

the particular tasks or duties of additional counsel and why those tasks cannot be managed by a single firm.  Moreover, Movant shall make a showing sufficient to assure the Court that wasteful duplication of services (with resulting increased attorney's fees) will not occur, and that the Lead Plaintiff will continue to be in charge of the management of the direction of the case.  *Nice Systems,* 188 F.R.D. at 223 ("[T]hose seeking the appointment of more than one law firm must demonstrate the lead plaintiff will be able to withstand any limitation on, or usurpation of, control, and effectively supervise the law firms acting as lead counsel.")  It is therefore **respectfully recommended** that the motion be **denied** to the extent it seeks approval of Lead Counsel, pending the additional filings.

### CONCLUSION

For the foregoing reasons, it is therefore **respectfully recommended** that the motions be **granted, in part, and denied, in part, as follows:**

1) The action should be consolidated, with the lowest numbered case being the Lead Case; and the action should be re-captioned as "*In re PainCare Holdings Securities Litigation",* Case No. 6:06cv362-28DAB. All future papers, pleadings and motions should be filed in this re-captioned lead case.  The Clerk should be directed to close the other dockets administratively.

2) It is **further recommended** that Movant The Employees' Retirement System of the Government of the Virgin Islands be appointed Lead Plaintiff;

3) It is **further recommended** that the motions be **denied,** to the extent they seek approval of the nominated law firms as Lead Counsel, without prejudice to reconsideration, upon the filing of additional submissions, as ordered above.

Following resolution of the lead counsel issue, the District Court should enter an Order allowing Lead Plaintiff to file an Amended Complaint, effectuating the consolidation of the related

cases, granting Defendant a sufficient amount of time to answer or otherwise respond the Amended Complaint; and directing the parties to file a Case Management Report.  A Case Management Conference can then be scheduled.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 23, 2006.

*David A. Baker*
_____

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy